IN THE U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MICHAEL ANTONOFF and
TARA POOLE,

Plaintiffs,

vs.

UNITED STATES OF AMERICA,
IMMIGRATION AND CUSTOMS
ENFORCEMENT SPECIAL AGENT
JEFFREY MULLER, IMMIGRATION
AND CUSTOMS ENFORCEMENT
SPECIAL AGENT ANTONIO RIVERA,
AND OTHER UNKNOWN U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT AGENTS,

Defendants.
_________________________________/

**COMPLAINT**

Plaintiffs, MICHAEL ANTONOFF and TARA POOLE, by and through their undersigned attorney, sue Defendants, UNITED STATES OF AMERICA, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT AGENT JEFFREY MULLER (“Muller”), U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT AGENT ANTONIO RIVERA (“Rivera”), and OTHER UNKNOWN U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT AGENTS (“ICE Agents”) and allege:

**JURISDICTION AND VENUE**

1. This action primarily arises from violations of the Fourth, Fifth, and Eighth Amendments to the United States Constitution, as well as violations under the Federal Tort Claims Act “FTCA”),

and Florida common law.

2. The jurisdiction of this court is based upon 28 USC §§1331 and 1343, which confer jurisdiction on federal courts to remedy the deprivation of constitutionally protected rights.

3. This court also has jurisdiction under the FTCA and supplemental jurisdiction over Florida based common law claims, pursuant to 28 USC §1367(a) and 42 USC §1985.

4. Venue of this action properly lies in the United States District Court for the Southern District of Florida under 28 USC §1391(b) because it is where Plaintiffs reside, and it is where the incident occurred that gives rise to Plaintiffs' causes of action.

5. All conditions precedent to the bringing of this action have been performed or satisfied, or have been excused prior to the institution of this action.

**PARTIES**

6. Plaintiffs, Michael Antonoff and Tara Poole, are married to each other and are adult residents of Palm Beach County, Florida.

7. Muller is a U.S. Immigration and Customs Enforcement Special Agent operating out of the office located at 11226 N.W. 20th Street, Miami, Florida 33172. At all material times, he was acting within the course and scope of his employment as an ICE Special Agent.

8. Rivera is a U.S. Immigration and Customs Enforcement Special Agent operating out of the office located at 11226 N.W. 20th Street, Miami, Florida 33172. At all material times, he was acting within the course and scope of his employment as an ICE Special Agent.

9. The currently unknown ICE Agents, also acting within the course and scope of their employment, worked out of the same office and may be culpulable for discharging their weapons at Antonoff, while he was driving Poole's vehicle. Plaintiff will amend this Complaint to name these

individuals once they have become identified through discovery.

## FACTS

10. On May 19, 2015, in the parking lot of the El Dorado Furniture store located at 1901 Okeechobee Blvd., West Palm Beach, Florida, Antonoff met a man who turned out to be a Confidential Informant for an alleged transaction involving cocaine.

11. In reality, the "cocaine" was a sham substance and no money was exchanged.

12. During the course of the meeting with the Confidential Informant inside the vehicle owned by Poole, Antonoff saw people coming toward him, and the Confidential Informant rapidly exited the vehicle. Thinking he was about to be robbed, Antonoff began to drive out of the El Dorado Furniture parking lot. While driving out of the El Dorado parking lot at a moderate speed, Muller and Rivera rapidly approached the moving vehicle on foot and they, along with perhaps other unknown ICE Agents, under color of law, discharged and fired their weapons into and at the Poole vehicle that Antonoff was operating, thereby using excessive force and striking his body in four places with bullets.

13. Antonoff was unarmed, did not steer the vehicle in the direction of the ICE agents, or anyone else, and he and the vehicle posed no physical threat to Muller, Rivera, or any other ICE Agent or any other person; and, the firing of their weapons at Antonoff and the Poole vehicle by the ICE Agents was excessive, unnecessary, dangerous, and outrageous under the circumstances.

14. The Poole vehicle came to a halt, and Antonoff exited and got down onto the ground in a position of surrender.

15. Muller, Rivera, and other unknown ICE Agents approached Antonoff, and despite his obvious surrender, they roughly wrestled and pushed him around while on the ground, causing

additional pain to the sites of the four gunshot wounds.

16. Antonoff was arrested, taken into custody, and after much delay, ultimately received medical attention. Defendants did not timely summon medical care or permit medical personnel to treat Antonoff. The delay of medical care and treatment caused Antonoff extreme physical and emotional pain and suffering and was a contributing cause of his serious injuries.

17. The Poole vehicle was rendered inoperable as a result of being struck by gunshots.

## COUNT I
## FTCA CLAIM AGAINST THE UNITED STATES OF AMERICA

Plaintiffs reallege all allegations contained in paragraphs 1 through 17 as if set forth fully herein.

18. This is an action brought under the Federal Tort Claims Act, 28 USC §2671, against the United States of America by Plaintiff for a sum in excess of $75,000.00, exclusive of costs, interest and attorney's fees.

19. Plaintiff submitted an administrative claim for the claims set forth hereinbelow to the U.S. Department of Homeland Security.

20. On October 12, 2016, the U.S. Immigration and Customs Enforcement Division of the Department of Homeland Security denied Plaintiff's claims. Accordingly, this Complaint is timely filed in accordance with 28 USC §2401(b).

21. The United States of America is the appropriate defendant under the FTCA.

22. At the time that Muller, Rivera, and perhaps other unknown ICE Agents fired into and at the Poole vehicle operated by Antonoff and struck him with four bullets, all ICE Agents were acting under color of law and within the course and scope of their employment as Special Agents for the

U.S. Immigration and Customs Enforcement.

23. Defendants had a duty to exercise reasonable care in carrying out their duties as ICE Agents, and they had the duty to perform their employment functions in manners consistent with the policies, procedures, and protocol for law enforcement officers.

24. Defendants breached that duty of care and were negligent in using excessive, deadly, and unjustified force, which caused severe injuries to Antonoff and damaged Poole's vehicle.

25. The unjustified, deadly, and excessive force used against Antonoff by the ICE Agents constituted assault, battery, unlawful search, and intentional or negligent infliction of emotional distress under the laws of the State of Florida.

26. Under the FTCA, the United States of America is liable for the above described actions of the ICE Agents, who were acting under color of law within the scope of their employment as law enforcement officers for the Unites States of America, Department of Homeland Security, Division of Immigration and Customs Enforcement.

27. As a direct and proximate result of the above described negligence and intentional torts, Antonoff suffered bodily injury that is permanent within a reasonable degree of medical probability, and resulting pain and suffering, disability, disfigurement, mental anguish, lost wages and suffered a loss of ability to earn, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Poole's vehicle was damaged and totaled as a result of Defendants' negligence.

28. Poole lost the services and companionship of Antonoff as a result of his personal injuries.

29. Poole and Antonoff suffered personal injury and loss of consortium damages totaling

$250,000.00, and Poole lost $7,500.00 in property damage for the loss of her vehicle.

WHEREFORE, Plaintiffs demand judgment against the United States of America for the sum of $257,500.00, together with costs.

**COUNT II**
**VIOLATION OF ANTONOFF'S FOURTH AMENDMENT RIGHT**

Plaintiffs reallege all allegations contained with paragraphs 1 through 17 as if fully set forth herein.

30. This is an action by Plaintiffs against Muller, Rivera, and other unknown ICE Agents for violation of Antonoff's Fourth Amendment right.

31. The Fourth Amendment to the Constitution of the United States provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons with things to be seized.

32. The United States Constitution guarantees Antonoff's right not to be subject to unreasonable seizure of this person. Muller, Rivera, and other unknown ICE Agents, by deliberate and overt actions, unreasonably seized the person of Antonoff by discharging firearms at him without justification and striking him with four bullets, roughly handling him after he had surrendered, and depriving him of timely medical care and treatment.

33. Through their deliberate and bad faith actions, these Defendants caused Antonoff to be severely injured and deprived of his freedom and liberty by excessive and aggravated force, which could have caused his death.

34. Antonoff's loss of liberty and freedom at the hands of these Defendants by unreasonable,

excessive, and aggravated force, constituted an unreasonable seizure of his person in violation of the Fourth Amendment of the Constitution. These Defendants' violations of Antonoff's Fourth Amendment right is actionable under 28 USC §1343(e), which confers jurisdiction on this court to address Antonoff's claims.

35. Each of these Defendants who is found to have deprived Antonoff of his freedom and liberty by excessive, unreasonable, and aggravated force, is liable to Antonoff for all injuries and damages proximately caused thereby, including: the loss of his enjoyment of life, the loss of his physical liberty, the loss of his earning capacity, his emotional and mental anguish and stress, and Poole lost the services of her husband as a result of his injuries.

36. The conduct of the Defendants was wilful, wanton, malicious, and done with reckless disregard for the rights and safety of Antonoff and therefore warrants the imposition of exemplary and punitive damages as to those ICE Agents.

WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages against all of the Defendants found to proximately have caused Plaintiffs' injuries and losses, and for such other and further relief as the court deems just and proper.

## COUNT III
## VIOLATION OF ANTONOFF'S FIFTH AMENDMENT RIGHT

Plaintiffs reallege all allegations contained within paragraphs 1 through 17, and paragraph 36, inclusive, as if fully set forth herein.

37. This is an action by Plaintiffs against Muller, Rivera, and other unknown ICE Agents for violation of Antonoff's Fifth Amendment right.

38. The Fifth Amendment to the Constitution of the Unites States provides as follows:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall he be compelled in any criminal case to be a witness, against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

39. Under the Fifth Amendment to the Constitution, Antonoff was protected against the deprivation of his life and liberty without due process of law.

40. Through their deliberate and bad faith actions, these Defendants caused Antonoff to be severely injured and deprived of his health and liberty without due process of law in violation of Antonoff's rights under the Fifth Amendment to the Constitution.

41. Antonoff's deprivation of his health and loss of his liberty and freedom at the hands of these Defendants by unjustified, excessive, and aggravated force, without due process, constituted a violation of the Fifth Amendment of the Constitution.

42. These Defendants' violations of Antonoff's Fifth Amendment right is actionable under 28 USC §1343(e), which confers jurisdiction under this court to address Antonoff's claims.

43. Each of these Defendants who is found to have deprived Antonoff of his health, freedom and liberty by excessive, unjustified, unreasonable, and aggravated force, is liable to Antonoff for all injuries and damages proximately caused thereby, including: the loss of enjoyment of life, the loss of his physical liberty, the loss of his earning capacity, his emotional and mental pain, anguish, and stress, and Poole lost the services of her husband as a result of his injuries.

WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages against all of the Defendants found to have proximately caused Plaintiffs' injuries and losses, and for such

other and further relief as the court deems just and proper.

## COUNT IV
## VIOLATION OF ANTONOFF'S EIGHTH AMENDMENT RIGHT

Plaintiffs reallege all allegations contained in paragraphs 1 through 17, and paragraph 36, inclusive, as if fully set forth herein.

44. This is an action by Plaintiffs against Muller, Rivera, and other unknown ICE Agents for violation of Antonoff's Eighth Amendment right.

45. The Eighth Amendment to the Constitution of the United States provides:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

46. The United States Constitution guarantees Antonoff's right not to be subject to cruel and unusual punishment. Muller, Rivera, and other unknown ICE Agents, by deliberate and overt acts, unjustifiably used unreasonable and excessive force by discharging firearms at Antonoff and striking him with four bullets, roughly handling him after he had surrendered and was wounded, and depriving him of timely medical care and treatment.

47. Through their deliberate and bad faith actions, these Defendants caused Antonoff to be severely injured and suffer cruel and unusual punishment without justification.

48. The infliction of cruel and unusual punishment on Antonoff at the hands of these Defendants was unreasonable, excessive, unjustified, and constituted aggravated and deadly force, in violation of the Eighth Amendment of the Constitution.

49. These Defendants' violations of Antonoff's Eighth Amendment right is actionable under 28 USC §1343(e), which confers jurisdiction on this court to address Antonoff's claims.

50. Each of the Defendants who is found to have inflicted cruel and unusual punishment on

Antonoff by their excessive, unjustified, unreasonable, and aggravated force, is liable to Antonoff for all injuries and damages proximately caused thereby, including: the loss of his enjoyment of life, loss of his physical liberty, the loss of his earning capacity, his emotional and mental anguish and stress, and Poole lost the services of her husband as a result of his injuries.

WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages against all of the Defendants found to have proximately caused Plaintiffs' injuries and losses, and for such other and further relief as the court deems just and proper.

## COUNT V
## ASSAULT AND BATTERY

Plaintiffs reallege all allegations contained within paragraphs 1 through 17, and paragraph 36, inclusive, as if fully set forth herein.

51. This is an action for an alternative pendent state law claim for assault and battery against Muller, Rivera, and other unknown ICE Agents.

52. Muller, Rivera, and other unknown ICE Agents, committed an assault and battery upon Antonoff when they intentionally, knowingly, recklessly, and without justification, discharged their firearms and fired multiple bullets at Antonoff, striking his body in four places.

53. As a direct and proximate result of said assault and battery, Antonoff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, including lost wages and loss of ability to earn, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, the losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

54. Poole lost the services and companionship of Antonoff as a result of his personal injuries.

WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages against all of the Defendants found to have proximately caused Plaintiffs' losses, and for such other and further relief as the court deems just and proper.

**COUNT VI**
**NEGLIGENCE**

Plaintiffs reallege all allegations contained within paragraphs 1 through 17, and paragraph 36, inclusive, as if fully set forth herein.

55. This is an alternative pendent state law claim for negligence against Muller, Rivera, and other unknown ICE Agents.

56. Muller, Rivera, and other unknown ICE Agents had a duty to exercise reasonable care in using their firearms and they had a duty to not discharge their firearms when there was no imminent threat of death or bodily harm; and, if they were justified in seeking to arrest Antonoff, they had the duty to use only that level of force that a reasonable and properly trained law enforcement officer would utilize and use the least force which was reasonably necessary to arrest or detain Antonoff.

57. These Defendants breached said duty and were negligent in using excessive, deadly, and unjustified force, which caused severe injuries to Antonoff and damaged Poole's vehicle.

58. As a direct and proximate result of said negligence, Antonoff suffered bodily injury and resulting pain and suffering, disability, disfigurement, mental anguish, including lost wages and loss of ability to earn, loss of the capacity for enjoyment of life, expense of hospitalization, and medical and nursing care and treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Poole's vehicle was damaged and totaled as a result of Defendants' negligence.

59. Poole lost the services and companionship of Antonoff as a result of his personal injuries.

WHEREFORE, Plaintiffs demand judgment for compensatory and punitive damages against all of the Defendants found to have proximately caused Plaintiffs' losses, and for such other and further relief as the court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury of all issues so triable as of right by a jury.

Dated: April 11, 2017

RICHARD F. HUSSEY, P.A.
Attorney for Plaintiffs
800 S.E. 3rd Avenue, 4th Floor
Ft. Lauderdale, FL 33316
(954) 462-7500; Fax (954) 520-7125
Florida Bar No. 370088
Primary: rick@husseylaw.com
Secondary: lynne@husseylaw.com

BY: */s/Richard F. Hussey*
RICHARD F. HUSSEY